**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**

| | |
|---|---|
| **Cedric Jones,** ) | |
| ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Civil Action No.** |
| ) | |
| **Eagle Distributing of Memphis, LLC,** ) | |
| ) | |
| ) | |
| **Defendant.** ) | |

**VERIFIED COMPLAINT**
**FOR VIOLATIONS OF THE FAIR LABOR STANDARDS ACT**

**COMES NOW** Plaintiff Cedric Jones (hereinafter, "Mr. Jones"), by and through counsel, and for his Complaint against Defendant Eagle Distributing of Memphis, LLC (hereinafter, "Eagle Distributing"), states and alleges as follows:

**NATURE OF THE COMPLAINT**

1. Mr. Jones brings this action under federal law, specifically the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*.

2. Mr. Jones brings this action against Eagle Distributing for damages resulting from Eagle Distributing's unlawful discharge of Mr. Jones in retaliation for bringing a lawsuit against the company for failing to compensate Mr. Jones for all hours worked and for related overtime violations under the FLSA.

3. Eagle Distributing's retaliatory discharge of Mr. Jones was in direct violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 215(a).

4. For said violations, Mr. Jones seeks declaratory relief; back pay, front pay, liquidated damages,

Doc ID: 6c434586318eab932accb63bab8725f5a718082c

compensatory damages punitive damages, and related penalties and damages, as permitted by applicable law, as well as attorney's fees, costs, and expenses incurred in this action.

## PARTIES

5. Mr. Jones is an adult resident of Shelby County, Tennessee.

6. Defendant Eagle Distributing of Memphis, LLC, is a Limited Liability Company formed and organized under the laws of the state of Tennessee., and may be reached for service through its registered agent, Mr. Raymond Hand, 310 Radford PL, Knoxville, TN 37917.

## JURISDICTION AND VENUE

7. This Court has original federal question jurisdiction pursuant to 28 U.S.C. § 1311 because this case is brought under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*

8. This Court has personal jurisdiction over Eagle Distributing because Eagle Distributing conducts business in Memphis, Shelby County, Tennessee, in this Judicial District.

9. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to Mr. Jones's claims occurred in this District.

## FACTUAL BACKGROUND

10. Mr. Jones was hired by Eagle Distributing in April 2015, and worked for the company through August 18, 2020.

11. Mr. Jones's job duties included changing and draining air lines, plumbing, electrical work, building and grounds maintenance, and vehicle maintenance and registration.

12. Eagle Distributing had the power to hire and fire Mr. Jones.

13. Eagle Distributing controlled the number of hours Mr. Jones worked, as well as the rate and method of his payment.

14. Mr. Jones was not exempt from the right to receive overtime pay or to be paid for all

2

Doc ID: 6c434586318eab932accb63bab8725f5a718082c

hours worked under the FLSA.

15. On August 6, 2019, Mr. Jones filed an FLSA action in this court on grounds that Eagle Distributing had willfully, falsely recorded a portion of his working hours as "off-the-clock," resulting in overtime violations of the FLSA. (*Jones v. Eagle Distributing*, 2:19-cv-2510).

16. On January 2, 2020, the parties executed an agreement settling Mr. Jones's FLSA claims against Eagle Distributing in their entirety.

17. On January 15, 2020, the court approved the parties' settlement agreement and dismissed the matter with prejudice.

18. Following the settlement of Mr. Jones's lawsuit against Eagle Distributing, Mr. Jones began experiencing subtle harassment by his supervisor.

19. Specifically, his supervisor put extraordinary pressure on him by overloading him with work and conducting a whisper campaign of unfounded allegations of theft.

20. In July of 2020, Mr. Jones's supervisor insisted that he get tested by for the coronavirus, although Mr. Jones had no related symptoms.

21. Although he tested negative, his supervisor forced him to take off for a 14-day quarantine period.

22. During this quarantine period, on a small number of occasions Mr. Jones drove the company-owned pick-up truck he had been assigned for years.

23. Throughout Mr. Jones's employment with Eagle Distributing, Mr. Jones was expected to take the company-assigned truck home and to be on call seven days a week, 24 hours a day to assist with mechanical emergencies using this company-assigned truck.

24. During Mr. Jones's employment with Eagle Distributing, the company had a widespread practice of employee use of company-owned trucks.

Doc ID: 6c434586318eab932accb63bab8725f5a718082c

25. Shortly after returning to work from his forced quarantine, Mr. Jones was called into the office and terminated for personal use of his company-assigned truck while on quarantine.

26. This use of the truck was in no way contrary to the company's policies and was in keeping with the accepted use of company-owned vehicles he and others had engaged in for many years.

**COUNT I--VIOLATION OF THE FAIR LABOR STANDARDS ACT: RETALIATION**

27. Mr. Jones realleges and incorporates all allegations above as if actually set forth herein.

28. At all relevant times, Eagle Distributing has been, and continues to be, an "employer" engaged in the interstate "commerce" and/or in the production of "goods" for "commerce" within the meaning of the FLSA, 29 U.S.C. § 203.

29. At all relevant times, Eagle Distributing employed Mr. Jones.

30. At all relevant times, Eagle Distributing has had gross annual operating revenues in excess of Five Hundred Thousand Dollars and 00/100 cents ($500,000.00).

31. The FLSA requires each covered employer, such as Eagle Distributing, to compensate all non-exempt employees for all hours worked at an hourly rate of not less than minimum wage and compensate all non-exempt employees at a rate of not less than one and one-half the regular rate of pay for work performed in excess of forty hours in a work week.

32. The FLSA, 29 U.S.C. § 215(a)(3),  makes it a violation for any person to "discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this Act, or has testified or is about to testify in any such proceeding, or has served or is about to serve on an industry committee."

Doc ID: 6c434586318eab932accb63bab8725f5a718082c

33. Mr. Jones engaged in statutorily protected conduct under the FLSA when he filed his complaint alleging overtime violations.

34. Shortly after resolution of his lawsuit against Eagle Distributing, the company began harassing Mr. Jones, culminating in his termination on frivolous grounds which were plainly meant to mask retaliatory intent.

35. By thus terminating Mr. Jones, Eagle Distributing violated the FLSA, 29 U.S.C. § 215(a)(3), and consequently owes Mr. Jones just compensation.

## PRAYER FOR RELIEF

WHEREFORE, Mr. Jones prays for relief as follows:

1.      A declaratory judgment that the practices complained of herein are unlawful under the FLSA;

2.      Pre-judgment interest, as provided by law;

3.      An award of money damages for back pay, front pay, liquidated damages, compensatory damages and punitive damages in an amount to be determined at trial;

4.      An award of money to Mr. Jones for costs and expenses of this action incurred herein, including reasonable attorneys' fees and expert fees; and

5.      Any and all such other and further legal and equitable relief as this Court deems necessary, just, and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all causes of action and claims with respect to which he has a right to jury trial.

Doc ID: 6c434586318eab932accb63bab8725f5a718082c

Dated: September 22, 2019                          Respectfully submitted,


                                                   s/Philip Oliphant
                                                   Alan G. Crone, TN Bar No. 014285
                                                   Philip Oliphant, TN Bar No. 25990
                                                   THE CRONE LAW FIRM, PLC
                                                   88 Union Avenue, 14th Floor
                                                   Memphis, TN 38103
                                                   (901) 737.7740 (voice)
                                                   (901) 474.7926 (fax)
                                                   acrone@cronelawfirmplc.com
                                                   poliphant@cronelawfirmplc.com
                                                   *Attorney for Plaintiff*

Doc ID: 6c434586318eab932accb63bab8725f5a718082c

## <u>DECLARATION AND VERIFICATION</u>

I, **Cedric Jones**, verify and declare that the facts stated in the foregoing Verified Complaint to the best of my knowledge and belief are true, and that the Complaint is not made out of levity or by collusion with the Defendant, but in sincerity and truth for the causes mentioned in the Complaint.

**Cedric Jones**

Date: 09 / 22 / 2020

7

Doc ID: 6c434586318eab932accb63bab8725f5a718082c

 **HELLOSIGN**

Audit Trail

| | |
|---|---|
| **TITLE** | Jones - Complaint to review/verify |
| **FILE NAME** | Jones - FLSA Complaint - Final.pdf |
| **DOCUMENT ID** | 6c434586318eab932accb63bab8725f5a718082c |
| **AUDIT TRAIL DATE FORMAT** | MM / DD / YYYY |
| **STATUS** | ● Completed |

## Document History

| | | |
|---|---|---|
| SENT | **09 / 22 / 2020** 10:26:20 UTC-6 | Sent for signature to Cedrick Jones (cedjuan0@gmail.com) from jlc@cronelawfirmplc.com IP: 73.177.108.241 |
| VIEWED | **09 / 22 / 2020** 11:06:27 UTC-6 | Viewed by Cedrick Jones (cedjuan0@gmail.com) IP: 73.91.219.50 |
| SIGNED | **09 / 22 / 2020** 11:07:21 UTC-6 | Signed by Cedrick Jones (cedjuan0@gmail.com) IP: 73.91.219.50 |
| COMPLETED | **09 / 22 / 2020** 11:07:21 UTC-6 | The document has been completed. |

Powered by **HELLOSIGN**